**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>TALANIVALU YGNACIO OLOTOA,<br><br>Defendant-Appellant. | No.  16-10411<br><br>D.C. No.<br>1:15-cr-00190-LEK-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 10, 2017
Honolulu, Hawaii

Before:  SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Talanivalu Olotoa ("Olotoa") appeals his conviction for conspiracy to

distribute and possess with intent to distribute 50 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846;

distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(A); and distribution of hydrocodone, in violation of 21

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Olotoa challenges the district court's denial of a motion to suppress evidence found in a mailed package, the district court's denial of a motion to suppress Olotoa's confession, and the government's alleged Rule 16 violation for failure to provide, pre-trial, a written summary of expected expert testimony. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We affirm the district court's denial of Olotoa's motion to suppress drug evidence found in his mailed package. A certified drug-sniffing dog alerted to the package, and "all the facts surrounding [that] alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband." *Florida v. Harris*, 568 U.S. 237, 248 (2013).

The government submitted an affidavit in support of the warrant detailing the dog's extensive training records and certifications for detecting narcotics; the dog maintained annual certification by three "bona fide organization[s]," which creates a presumption of probable cause. *Id.* at 246-47. Olotoa criticizes the dog's performance, calculating an "error rate" based on the number of times that the dog alerted and no drugs were found. But the Supreme Court has warned against over-reading "misses" in the field, because error rates may "markedly overstate a dog's false positives." *Id.* at 246. In any event, the dog's field performance appears "satisfactory." *Id.*

We review de novo the voluntariness of Olotoa's confession, *United States*

2

*v. Preston*, 751 F.3d 1008, 1020 (9th Cir. 2014) (en banc), and the district court's denial of Olotoa's motion to suppress his confession to police, *United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011). The district court properly concluded that Olotoa knowingly waived his right to counsel and to remain silent and then confessed voluntarily.

Olotoa concedes that he was not interrogated in the police car in violation of his right to counsel. Instead, Olotoa changed his mind and initiated communication with police after invoking the right to counsel. *See Maryland v. Shatzer*, 559 U.S. 98, 104 (2010). He then signed a written waiver of his right to counsel and his right to remain silent. Olotoa stated that he had "thought about this decision very carefully."

Olotoa confessed freely, voluntarily, and without compulsion or inducement. *See Withrow v. Williams*, 507 U.S. 680, 689 (1993). Under the totality of the circumstances, the agents did not coerce Olotoa such that Olotoa's "will was overborne" when he confessed. *Ortiz v. Uribe*, 671 F.3d 863, 869 (9th Cir. 2011). Olotoa claims that the agents' statements about the penalty and cooperation made him feel as though he had "no choice" but to waive his rights and make a declaration.

The district court observed astutely that such facts are unlikely to be unlawfully coercive on their own because they are "virtually identical to the

3

decision that every arrestee who has the opportunity to be a confidential source must face." Indeed, "assurances regarding the integrity of the United States judicial system . . . coupled with a promise of leniency and an indication of the potential penalty faced, [are] not sufficiently compelling to overbear [a defendant's] free will and rational intellect." *United States v. Bautista-Avila*, 6 F.3d 1360, 1365 (9th Cir. 1993). Nor was the agents' conduct "the kind of misbehavior that . . . shocks the sensibilities of civilized society." *Moran v. Burbine*, 475 U.S. 412, 433-34 (1986).

Finally, Olotoa argues that the government violated Federal Rule of Criminal Procedure 16 and the Local Rules of the District of Hawaii by failing to provide a summary of the expected expert testimony of a forensic chemist. To justify reversal for such a discovery violation, however, Olotoa must show "a likelihood that the verdict would have been different had the government complied with the discovery rules." *United States v. Mendoza-Paz*, 286 F.3d 1104, 1111 (9th Cir. 2002). Even assuming a Rule 16 violation, Olotoa has not made a sufficient showing of prejudice. Olotoa confessed that the package contained methamphetamine and hydrocodone, and his counsel did not object when the government introduced into evidence the seized controlled substances and Chemical Analysis Reports prepared by the chemist. Olotoa therefore "has not demonstrated how or why the verdict would have been different" if he had been

4

given a summary of the chemist's proposed testimony. *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997).

**AFFIRMED**.